**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | |
|---|---|
| LAURA MARIE REMPEL, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Case No. |
| ) | |
| HAPPY NATION, LLC, a foreign ) | |
| limited liability corporation; and ) | |
| ENOQUE BEZERRA DA SILVA, ) | |
| an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

Plaintiff, LAURA MARIE REMPEL, through counsel William L. Barr, Jr. of Bull Attorneys, P.A. and for her claims against Defendants, HAPPY NATION, LLC and ENOQUE BEZERRA DA SILVA, alleges and states:

**COUNT I - GENERAL ALLEGATIONS OF FACTS**

1. Plaintiff is a resident and citizen of the State of Kansas who resides in Galva, Kansas.

2. Defendant, HAPPY NATION, LLC, (HAPPY NATION) is a foreign limited liability corporation incorporated in the State of Illinois, with its principal place of business located at 2385 Hammond Drive, Suite 4, Schaumburg, IL. It may be served with process through its CEO, Vsevolod Kuguk, at that location.

3. Defendant, ENOQUE BEZERRA DA SILVA (hereinafter "Defendant Driver"), is a resident and citizen of the State of Florida. He was the driver of a commercial motor vehicle owned and operated by his employer, Defendant, HAPPY NATION. Defendant Driver, ENOQUE BEZERRA DA SILVA, may be served at his residence at 381 Hastings Road,

Boca Raton, FL 33487.

4. This Court has proper venue and jurisdiction over the persons and subject matter.

5. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs. .

6. Defendant Driver, ENOQUE BEZERRA DA SILVA, was operating in the course and scope of his employment with Defendant, HAPPY NATION, at the time and moment of the subject collision, and for all allegations brought herein, the actions and/or omissions of Defendant Driver, ENOQUE BEZERRA DA SILVA, are the actions and/or omissions of Defendants HAPPY NATION, under the doctrines of *respondeat superior* and vicarious liability.

7. Defendant Driver, ENOQUE BEZERRA DA SILVA, operates the commercial motor vehicle as an employee or, alternatively, under a contract or lease for hire with Defendant, HAPPY NATION, and Defendants have an agreement, either express or implied, that Defendant Driver operates the commercial motor vehicle under the DOT authority granted by the DOT to Defendant, HAPPY NATION, under US DOT license number 3138036. Defendant, HAPPY NATION, applied for motor carrier authority through the United States Department of Transportation to operate as a motor carrier under D.O.T. number 3138036.

8. The actions and/or omissions of Defendants, HAPPY NATION, and Defendant Driver, ENOQUE BEZERRA DA SILVA, as set forth in this Complaint proximately caused serious, permanent injuries and damages to Plaintiff, LAURA MARIE REMPEL.

9. Upon information and belief, Defendant, HAPPY NATION, did not train or supervise Defendant Driver, ENOQUE BEZERRA DA SILVA, through proper training and did not use any defensive driving training manual, nor did they use any formal classroom orientation to

teach Defendant Driver, ENOQUE BEZERRA DA SILVA, hazard perception skills, accident-avoidance skills, and/or defensive driving skills.

10. Upon information and belief, Defendant, HAPPY NATION, required Defendant Driver, ENOQUE BEZERRA DA SILVA, to follow on an "on-time" delivery protocol providing financial incentives for Defendant Driver, ENOQUE BEZERRA DA SILVA, to drive fatigued in violation of the maximum hours rules of service because he was penalized if he did not make his deliveries on-time.

11. A motor carrier search of the DOT and FMCSA website, as well as FOIA requests, were made to the FMCSA. These disclosed that Defendant, HAPPY NATION, had driver violations for driver fitness, unsafe driving, and hours of service at the time of the crash. The carrier has multiple SMS violations related to unsafe driving as identified on the Safer Web and their Company Snapshot and SMS BASICs violation profile with the DOT and FMCSA database that is publicly available.

12. The investigating police officer from McPherson County, KS found that Defendant Driver, ENOQUE BEZERRA DA SILVA, had driven past a stop sign and caused the crash.

13. He was charged with failure to yield and running a stop sign by Patrol Sargent, S. Koch.

14. On or about the 23rd of April 2021, Plaintiff, LAURA MARIE REMPEL, was operating her motor vehicle and was proceeding west on Limestone Road near its intersection with 17th Avenue in McPherson County, KS.

15. At the above-mentioned time and place and at all times herein relevant, Defendant, ENOQUE BEZERRA DA SILVA, was operating a White Illinois registered International Harvester truck bearing Illinois license plate number P1086215 owned by Defendant, HAPPY NATION, south on 17th Avenue as an employee or agent of Defendant, HAPPY NATION,

and at all times herein relevant was acting within the course and scope of his employment and/or agency.

16. At all times herein relevant southbound traffic on 17th Avenue in McPherson County, KS was controlled by a stop sign at its intersection with Limestone Road.

17. At the above-mentioned time and place Defendant, ENOQUE BEZERRA DA SILVA, while acting within the course and scope of his employment drove the vehicle owned by Defendant, HAPPY NATION, south on 17th Avenue past the stop sign at Limestone Road and collided violently in the intersection with the passenger side of the westbound vehicle operated by Plaintiff, LAURA MARIE REMPEL

18. The impact of the collision knocked Plaintiff's vehicle off the roadway and proximately caused her to suffer serious and permanent injuries.

19. The commercial motor vehicle operated by Defendant driver, ENOQUE BEZERRA DA SILVA, was owned and/or operated and/or leased by Defendant, HAPPY NATION, and was dispatched, supervised, maintained, monitored, operated, and controlled by the Department of Operations and the fleet management of Defendant, HAPPY NATION.

20. Defendant Driver, ENOQUE BEZERRA DA SILVA was hired, retained, supervised, and trained by Defendant, HAPPY NATION.

21. Defendant, HAPPY NATION, and Defendant Driver, ENOQUE BEZERRA DA SILVA, were operating a fleet of commercial motor vehicles, trucks, and other vehicles as a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

22. That at all times material hereto, Defendant, HAPPY NATION, and its Defendant Driver, ENOQUE BEZERRA DA SILVA, were operating under authority granted by the Department of Transportation (DOT) under DOT license number 3138036.

23. 49 C.F.R. § 390.3(e) (1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

24. 49 C.F.R. § 390.5 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

25. 49 C.F.R. § 392.2 provides that every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

26. Defendant, HAPPY NATION, was at all material times a "motor carrier" and an "employer" of its driver, ENOQUE BEZERRA DA SILVA, as defined as defined in 49 C.F.R. §382.107.

27. 49 U.S.C. § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an action or omission of that carrier. . . in violation of this part."

28. 49 U.S.C. § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities." Defendant, HAPPY NATION and Defendant, ENOQUE BEZERRA DA SILVA, negligently and wantonly failed to provide safe and adequate service which proximately caused the injury and damages to Plaintiff, LAURA MARIE REMPEL.

29. The FMSCRs are located at 49 C.F.R. § 390 *et seq.* The FMCSRs and the MCA specifically operate under the section 40 C.F.R. § 391.1(a) and (b), which states "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers. The rules in this part **also establish minimum duties of motor carriers with respect to the qualification of drivers.** (b) A motor carrier who employs

himself/herself as a driver must comply with both the rules in this part that apply to motor carriers and the rules in this part that apply to drivers." The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

### COUNT II - THE FEDERAL MOTOR CARRIER SAFETY REGULATIONS SET FORTH THE APPLICABLE MINIMUM INDUSTRY STANDARDS OF CARE TO ESTABLISH NEGLIGENCE AND WANTON CONDUCT

30. Plaintiff, LAURA MARIE REMPEL, re-alleges the allegations contained in paragraphs one (1) through twenty-nine (29) above as if though fully set forth herein.

31. The allegations contained in this Complaint regarding the Federal Motor Carrier Safety Regulations (FMCSR) are set forth to establish that Defendant did not comply with the industry standard of care and the minimum standard of care described by the FMCSR and the interpretive categories under the CSA BASICs to establish negligence of Defendants and are not brought to allege a private cause of action for violation of the FMCSR.

32. The actions and/or omissions of Defendant, ENOQUE BEZERRA DA SILVA, are the actions and/or omissions of Defendant, HAPPY NATION, under the doctrines of *respondeat superior* and vicarious liability and upon information and belief, are negligent, careless, and wanton and include, but are not limited to:

    A)   Failure to yield right-of-way for a stop sign;

    B)   Inattentive operation of a motor vehicle;

    C)   Failure to keep a proper lookout;

    D)   Speeding too fast for the present existing conditions of a stop sign;

    E)   Failure to warn;

    F)   Careless driving;

G)   Incompetent driving;

H)   Failure to look forward while approaching a stop sign at a known intersection and wantonly ignored it;

I)   Upon information and belief, talking or texting on a cell phone or other PDA device while operating a commercial motor vehicle which diverted his attention;

J)   Upon information and belief, failing to comply with the requirements and recommendations of the DOT and FMCSA regarding using the following safety protocols: failing to perform post-accident investigations; failing to set up and utilize a Safety Review Board; failing to train drivers in defensive driving, hazard perception, and accident awareness techniques;

K)   Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. §§ 381 through 399 and the interpretive CSA BASICs;

L)   Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 392.3 by operation of a commercial motor vehicle while Defendant Driver's ability or alertness is impaired;

M)   Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11(a) by operation of a commercial motor vehicle when Defendant Driver is not properly qualified pursuant to this regulation;

N)   Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.113 by operating a fleet vehicle and commercial motor vehicle when Defendant Driver did not possess and demonstrate the safe driving skills required by this regulation;

O)   Failing to meet the minimum duties and industry standards of care set forth under 49

       C.F.R. § 383.111 by operating a fleet vehicle and commercial motor vehicle when Defendant Driver did not have sufficient basic knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, knowledge of basic control maneuvers, and basic information on hazard perception and/or when and how to make emergency maneuvers;

P)   Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.110 by operation of a fleet vehicle and commercial motor vehicle without the knowledge and skills necessary to operate the such vehicle safely;

Q)   Failing to meet the minimum duties and industry standards set forth under 49 C.F.R. § 390.11 by failing to observe and follow the FMCSR;

R)   Failing to meet and follow the maximum hours-of-services limits prescribed by law under 49 C.F.R. 395.1 *et. seq.*;

S)   Failing to maintain copies of Defendant Driver's logs in their accurate and complete unaltered manner as required by 49 C.F.R. 395.3 *et. seq.*;

T)   Failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R § 383.110, 49 C.F.R. § 383.111, 49 C.F.R. 383.113 by failing to have adequate safety management controls in place that would require Defendant Driver to have the required skills and safety management controls mandated by this regulation.

U)   Upon information and belief, Defendant motor carrier was negligent in their hiring of Defendant Driver for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11 and 49 C.F.R. § 391.21, 49 C.F.R. § 391.23 by failing to qualify Defendant Driver properly and by failing to make appropriate investigation and/or inquiries of Defendant Driver's background in the prior ten (10)

        year period and by failing to obtain the federally required information on the application for employment of Defendant Driver which required ten (10) year background checks, criminal history checks, and responses from prior employers;

V)    Upon information and belief, failing to comply with the requirements and recommendations of the DOT and FMCSA regarding using the following safety protocols: failing to perform post-accident investigations; failing to set up and utilize a Safety Review Board; failing to train drivers in defensive driving, hazard perception, and accident awareness techniques;

W)    Upon information and belief, Defendant's training and/or supervision of Defendant Driver is negligent; for failing to create and implement any Safety Review Board; for failing to create and train all drivers with defensive driver training, accident avoidance training, and hazard perception and recognition techniques regarding space, cushion, following distance and other safe driving techniques; for failing to train Defendant Driver on what to do when approaching a stop sign; for failing to utilize log and hours of service monitoring in real time through GPS tracking; for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by failing to properly road test their driver over his knowledge of cushion and space management techniques, hazard perception techniques, braking techniques, visual search techniques and fatigue and awareness; and/or for creating, implementing and requiring their driver in this case and their other drivers to have to a protocol that delivery must be made on-time or Defendant Driver will be penalized with a loss of pay, suspension or termination;

X)    Defendant's actions and/or omissions establish negligent hiring, retention,

supervision, and training of Defendant Driver and supervisory managers above Defendant Driver;

Y) Defendant's training and/or supervision of Defendant Driver was negligent for failing to create and implement any Safety Review Board; for failing to create and train all drivers with defensive driver training, accident avoidance training, and hazard perception and recognition techniques; for failing to adequately evaluate the actual driving time of its driver through log evaluation and dispatch personnel that would be able to accurately monitor and supervise his hours-of-service; for failing to utilize log and hours of service monitoring in real time through GPS tracking; for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by failing to properly road test their driver over his knowledge of following distance, cushion and space management techniques, hazard perception techniques, braking techniques, visual search techniques and fatigue and awareness; and/or for creating, implementing and requiring their driver in this case and their other drivers to have to a protocol that delivery must be made on-time or Defendant Driver will be penalized with a loss of pay, suspension or termination;

Z) Failing to follow the oath that they would provide driver orientation, ongoing training and would monitor the safety compliance at the drivers and motor carrier as required to obtain driving authority pursuant to the request for authority under DOT From OP-1.

AA) Violation of laws, statutes, ordinances and regulations of the State of Kansas and McPherson County;

## COUNT III - <u>NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION CLAIMS</u>

33. The Plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-two (32) above as if though fully set forth herein.

34. Upon information and belief, all allegations set forth above in prior paragraphs establish that Defendants were negligent, wanton, and reckless as set forth above and for the following actions and/or omissions.

35. Upon information and belief, Defendant, HAPPY NATION, was negligent in their hiring of Defendant Driver, ENOQUE BEZERRA DA SILVA, for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11 and 49 C.F.R. § 391.21, 49 C.F.R. § 391.23 by failing to qualify Defendant Driver properly and by failing to make an appropriate investigation and/or inquiries of Defendant Driver's background in the prior ten (10) year period and by failing to obtain the federally required information on the application for employment of Defendant Driver, ENOQUE BEZERRA DA SILVA, with required ten (10) year background checks, criminal history checks, and obtaining actual responses from prior employers.

36. Upon information and belief, Defendant, HAPPY NATION, failed to train and/or supervise Defendant Driver, ENOQUE BEZERRA DA SILVA, and was negligent for failing to create and implement any Safety Review Board; for failing to create and train all drivers with defensive driver training, accident avoidance training, and hazard perception and recognition techniques regarding space, cushion, following distance and other safe driving techniques; for failing to adequately evaluate the actual driving time of their driver through log evaluation and dispatch personnel that would be able to accurately monitor and supervise his hours-of-service; for failing to train Defendant Driver, ENOQUE BEZERRA DA SILVA on what to do when approaching a stop sign at an intersection; for failing to utilize log and hours of

service monitoring in real time through GPS tracking; for failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 383.111 by failing to properly road test their driver over his knowledge of stopping distance, cushion and space management techniques, hazard perception techniques, braking techniques, visual search techniques and fatigue and awareness;  and/or for creating, implementing and requiring their driver in this case and their other drivers to have to a protocol that delivery must be made on-time or Defendant Driver, ENOQUE BEZERRA DA SILVA, would be penalized with a loss of pay, suspension or termination;

37. Upon information and belief, Defendant, HAPPY NATION, negligently retained Defendant Driver, ENOQUE BEZERRA DA SILVA, by failing to immediately terminate, suspend, and/or reprimand him following this preventable crash;

38. Defendant, HAPPY NATION's actions and/or omissions, establish negligent hiring, retention, supervision, and training of Defendant Driver, ENOQUE BEZERRA DA SILVA, and managers who supervised Defendant Driver, ENOQUE BEZERRA DA SILVA;

39. Defendant, HAPPY NATION, and its respective agents, employees, and/or representatives were careless and negligent and wanton for negligent hiring, training, supervision, and retention of Defendant Driver, ENOQUE BEZERRA DA SILVA, and his supervisory personnel.  Defendant, HAPPY NATION, willfully, negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to, Defendant Driver, ENOQUE BEZERRA DA SILVA, and his supervisory personnel. Defendant, HAPPY NATION, has an obligation to use reasonable care in selecting and retaining its employees, agents, and

independent contractors, and was negligent in hiring, selection, training, monitoring, and retaining their employees, agents, and independent contractors, including, but not limited to Defendant Driver, ENOQUE BEZERRA DA SILVA.

40. Defendant, HAPPY NATION, negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their employees and agents, including, but not limited to, Defendant Driver, ENOQUE BEZERRA DA SILVA.

41. Defendant, HAPPY NATION's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors, including Defendant Driver and his supervisory personnel, proximately caused injuries suffered by Plaintiff;

42. Upon information and belief, Defendant, HAPPY NATION, failed to test its employee, Defendant Driver, ENOQUE BEZERRA DA SILVA, for alcohol and/or drug consumption immediately after the subject collision.

## COUNT IV - RATIFICATION IS ESTABLISHED BY EXPRESS OR IMPLIED RATIFICATION

43. Plaintiff re-alleges the allegations contained in paragraphs one (1) through forty-two (42) above as if though fully set forth herein.

44. Defendant, HAPPY NATION, has ratified all the alleged conduct of Defendant Driver, ENOQUE BEZERRA DA SILVA, either expressly or impliedly. Upon information and belief, Defendant Driver, ENOQUE BEZERRA DA SILVA, was not reprimanded, suspended, terminated, or retrained following the subject collision. More importantly, the FMCSR and CSA BASICs violations set forth above establish that Defendant, HAPPY NATION, expressly disregarded the FMCSR, the CSA BASICs, and the industry standards of care for safety in the trucking industry or impliedly turned a blind eye to safety.

45. Hiring or employing a professional truck driver that does not understand what a stop sign means constitutes clear and convincing evidence of inadequate training, and supervision. Allowing such an untrained driver to drive across the nation's roads and highways constitutes willfully disregarding public safety which by implication establishes ratification.

### COUNT V – PUNITIVE DAMAGE CLAIMS

46. The Plaintiff re-alleges the allegations contained in paragraphs one (1) through forty-five (45) above as if though fully set forth herein.

47. The nature of the actions and/or omissions of Defendant Driver by failing to stop at a stop sign at an intersection are wanton, grossly negligent, and recklessly indifferent to human life.

48. The allegations of the wanton conduct of the Defendants in failing to abide by the FMCSR, the CSA BASICS, and all allegations stated above, provide clear and convincing evidence of wanton conduct.

49. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### COUNT VI – PLAINTIFF'S ACTUAL AND COMPENSATORY DAMAGES

50. The Plaintiff re-alleges the allegations contained in paragraphs one (1) through forty-nine (49) above as if though fully set forth herein.

51. As a proximate result of the negligent, careless, and wanton actions and omissions of Defendants, HAPPY NATION and ENOQUE BEZERRA DA SILVA, as aforesaid, Plaintiff has received injuries to her body, including, but not limited to: cervical, thoracic, lumbar and sacral spine, including cervical radiculopathy; injuries to both arms; closed head injury/TBI; radicular radiating pain and numbness in the low back down the back of one or both legs;

    thoracic outlet syndrome; right C6 neuro-praxic radiculopathy, right carpal tunnel syndrome; left ulnar cubital tunnel syndrome; right C6 radiculopathy. Plaintiff underwent physical therapy and pain management; and may have had aggravation to a pre-existing conditions, and was otherwise injured. Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  In the future, Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

52. Plaintiff additionally brings claims for the loss of consortium suffered by her husband.

    WHEREFORE, Plaintiff prays for judgment against Defendants, HAPPY NATION and ENOQUE BEZERRA DA SILVA, for all damages allowed under Kansas law as actual compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); for all damages allowed under Kansas law as punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); for costs herein, for interest where allowed and for such other and further relief as the Court deems just and equitable.

                                      Respectfully Submitted,

                                        /*s/William L. Barr, Jr.*
                                      William L. Barr, Jr. #26775
                                      10111 E. 21st Street, Suite 204
                                      Wichita, Kansas 67206
                                      Ph: 316-684-4400 / Fax: 316-684-4405
                                      bill@bullattorneys.com
                                      *Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

/s/William L. Barr, Jr.
William L. Barr, Jr. #26775