IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAURA MARIE REMPEL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:21-cv-2473-SAC-KGG |
| | ) |
| HAPPY NATION, LLC | ) |
| | ) |
| and | ) |
| | ) |
| ENOQUE BEZERRA DA SILVA, | ) |
| | ) |
| Defendants. | ) |

## SHOW CAUSE ORDER

Plaintiff brings the present negligence claims against Defendants resulting from a traffic incident. (Doc. 1). The Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and because the amount in controversy exceeds $75,000 exclusive of interest and costs. (*Id*., at 2). In this instance, however, the Complaint fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. For example, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for a limited liability corporation ("LLC") is

1

determined by the citizenship of each of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

The Complaint alleges that Defendant, Happy Nation, LLC, is "a foreign limited liability corporation incorporated in the State of Illinois, with its principal place of business located [in Illinois]." (Doc. 1, at 2). The Complaint does not, however, identify any of its members or their citizenship making it impossible for the Court to determine the citizenship of the Defendant LLC. Thus, the Court cannot determine the validity of the claimed diversity. The Complaint therefore fails to establish one of the Defendant's citizenship for diversity jurisdiction purposes.

The Court has "an independent obligation to ensure that [it does] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v.*

*Shinseki*, 562 U.S. 428, 434 (2011) (citation omitted). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because the current filings do not allow the Court to discharge these jurisdictional obligations, the Court therefore orders Plaintiff to show cause to the District Court why it should not dismiss this action for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause in writing to the District Judge on or before **December 1, 2021**, as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated this 1st day of November 2021, at Wichita, Kansas.

/s  Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE