**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LAURA MARIE REMPEL, | |
| Plaintiff, | |
| v. | |
| HAPPY NATION, LLC and ENOQUE BEZERRA DA SILVA, | Case No. 2:21-cv-2473-SAC-KGG |
| Defendants. | |

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

Now before the Court is Defendants' "Motion to Compel Plaintiff's More Specific Discovery Responses" (Doc. 29). Plaintiff opposes the motion, arguing that she has provided a complete response to the interrogatories and requests for production. She further argues that any additional information sought is irrelevant, not in her possession, objectionable, or should be obtained from other sources. Having reviewed the submissions of the parties, Defendants' motion is **GRANTED in part** and **DENIED in part**. The Court has disregarded Defendants' Reply (Doc. 33), which is incomprehensibly in a format suitable, if at all, to an Answer or Response to Request for Admission.

## BACKGROUND

On April 23, 2021, an automobile accident occurred in McPherson County, Kansas when Defendant Enoque Bezerra Da Silva allegedly failed to stop at a stop sign and collided with Plaintiff, Laura Marie Rempel. (Doc. 8, at 3.) Plaintiff's claims include

1

negligence and negligent hiring. (*Id*.) Plaintiff seeks to recover for personal injuries and damages. (*Id*.)

The dispute at hand centers around Interrogatories numbered 8, 11, and 25 and Requests for Production numbered 6, 7, 9, 10, and 11. Defendants allege that Plaintiff either left these discovery requests unanswered or the answers given were evasive, incomplete, and were intended to harass or avoid supplying a full response. (Doc. 30, at 2.) The concept that a discovery **response** could be harassment is novel. At any rate, the Court does not find that Plaintiff "harassed" Defendants through her responses.

Following the receipt of Plaintiff's discovery responses, Defendants contacted Plaintiff's counsel on April 29, 2022, demanding more complete answers. (*Id*.) Defendants also advised Plaintiff of their intention to file a motion to compel should Plaintiff not supply more complete responses within ten days. (*Id*.) On May 10, 2022, Plaintiff reiterated their objections and informed Defendants that no further information would be provided. (Doc. 29-5.) Defendants timely filed their motion to compel on May 16, 2022. (Doc. 29.)

## ANALYSIS

### I.    Legal Standard

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Therefore, requested information must be nonprivileged, relevant, and

proportional to the needs of the case to be discoverable. *Holick v. Burkhart*, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. *Williams v. Board of Cnty Comm'rs of Unified Gov't of Wyandotte Cnty. & Kansas City, Kan.*, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and requests for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661-62, 666 (D. Kan. 2004). Therefore, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, 670–71 (D. Kan. 2004). Within this framework, the Court will address the discovery requests at issue.

## II.    Discovery at Issue

### A.  Interrogatories Nos. 8 and 11.

Interrogatory No. 8 asks if Plaintiff claims any temporary or permanent injury that resulted from the accident, as well as details concerning any such claim and the evidence

3

that supports it. (Doc. 29-2, at 5.) Plaintiff responded to this request by stating "Undetermined at this time." (*Id.*)

Similarly, Interrogatory No. 11 asks if Plaintiff claims any aggravation of pre-existing physical or mental conditions that resulted from the accident, including any supporting information. (*Id.*, at 6.) Plaintiff objects that this interrogatory "calls for medical opinion. Plaintiff is not a doctor/medical expert and is not qualified to say what may be pre-existing." (*Id.*)

Plaintiff then elaborates in their response that she wishes to defer to her doctors and the medical professionals in this case to provide opinion testimony for the subject matters of Interrogatories No. 8 and 11. (Doc. 32, at 1.) To the extent that the expert reports answer these requests, those expert reports should be consulted. However, neither of these interrogatory responses require medical expertise. Rather, these interrogatories concern Plaintiff's **claims**. The content of a party's claims is clearly not a medical opinion and Defendants are entitled to know what Plaintiff's claims are and a description of what evidence, if any, currently supports that claim. Plaintiff's objection to Interrogatory No. 11 is **overruled** and these portions of Defendants' motion are **GRANTED**.

### B.  Interrogatory No. 25.

Interrogatory No. 25 asks Plaintiff to set forth all damages she intends to recover at trial and a description of all the items which support the existence of those damages. (Doc. 29-2, at 15.) Plaintiff answered this request with: "This request is premature, as

4

discovery is ongoing. However, please see the information contained in the Offer of
Settlement, its enclosures, and any supplements thereto." (*Id*.) While it is true that
discovery is currently ongoing and Plaintiff may be entitled to supplement her response,
Defendants are entitled to this information. All damages and documents that support
those damage claims must be provided to Defendants. This objection is **overruled,** and
this portion of Defendants' motion is **GRANTED**.

### C.  Request for Production No. 6.

Request for Production No. 6 asks Plaintiff to supply "any and all bills, receipts,
invoices, work orders or estimates for property damage." (*Id*., at 2.) Plaintiff answered:
"None in Plaintiff's possession, so nothing produced." (*Id*.) Plaintiff then elaborated in
their response that Nationwide, Plaintiff's insurer, would have this information. (Doc. 32,
at 2.) Plaintiff cannot provide documents she does not have. However, Plaintiff is warned
that suddenly producing documents to use at trial later may not be allowed. This portion
of Defendants' motion is **DENIED**.

### D.  Request for Production No. 7.

Request for Production No. 7 seeks documents and evidence of any type of
damages that are recoverable losses related to the accident. (Doc 29-3, at 2.) Plaintiff
answered that "no wage loss claim is being made at this time, so nothing produced." (*Id*.)
Additionally, Plaintiff stated in her response that there were no additional monetary
damages. (Doc. 32, at 2.) Therefore, this portion of Defendants' motion is **DENIED**.

**E.  Request for Production No. 9.**

Request for Production No. 9 asks for all reports and related documentation produced by investigators, inspectors, or other persons who investigated the accident and items associated with the accident. (Doc. 29-3, at 2.) Specifically, Defendants mention the possibility of an adjuster from Plaintiff's insurance who would have investigated the accident. (Doc. 30, at 6.) Plaintiff directed Defendants to "[r]efer to the police report located within the Offer of Settlement. Produced." (Doc. 29-3, at 2.)

Plaintiff argues that she is not in possession of any such reports and that the photographs from the police report should be sufficient to establish the conditions of the accident. (*Id.*) Regardless of Defendants' belief that further reports and investigations were conducted, Defendants have not met their burden to prove that Plaintiff is in possession of any additional documents. This portion of Defendant's motion is **DENIED**.

**F.  Request for Production No. 10.**

Request to Produce No. 10 seeks "copies of all insurance policies, along with declarations for all policies of insurance which are or may be liable to satisfy any or all of Plaintiff's damages." (*Id.*, at 3.) Plaintiff answered this request with: "None in Plaintiff's possession, so nothing produced." (*Id.*)

In Plaintiff's response, Plaintiff claims to not possess her own insurance policy and that a PIP ledger from her insurer is the only document she can provide. (Doc. 32, at 2.) However, under Fed. R. Civ. P. 34, documents are within the possession, custody, or control of a party if that party has actual possession, custody, or control of the materials

**or** has the legal right to obtain the documents on demand. ***Nat'l Union Fire Insurance Co., P.A. v. Midland Bancor, Inc. et al.***, 159 F.R.D. 562, 566 (D. Kan. 1994) (citing ***RTC v. Deloitte & Toche***, 145 F.R.D. 108 (D. Colo. 1992)). Plaintiff has access to her own insurance policy through her insurer and therefore possesses the policy under Rule 34. This portion of Defendants' motion is **GRANTED**.

### G. Request for Production No. 11.

Request for Production No. 11 requests Plaintiff to supply:

> Any and all documents or other materials, including correspondence to counsel referencing any right of subrogation, lien, reservation of rights, demand, denial, offer of settlement or compromise, or request for information from any party, insurer, or third party relevant to the subject matter comprising the basis of this suit, including applications for personal injury protection or medical payment benefits.

(Doc. 29-3.) Plaintiff objected to this request, stating:

> Collateral source doctrine applies and, therefore, not relevant to any party's claim or defense/not proportional to the needs of the case (K.S.A. 60-226(b)), and not reasonably calculated to lead to admissible evidence. Also, per *Martinez*, the burden to establish any write downs and/or adjustments is on the defense. Without waiving these objections, Plaintiff received PIP benefits through Nationwide. Refer to the Offer of Settlement, its enclosures and any supplements. Produced.

(*Id.*)

As an initial matter, the Court advises Plaintiff that the Federal Rules of Civil Procedure abandoned the "not reasonably calculated" standard approximately seven years ago with the 2015 amendments to Rule 26(b). Federal Courts now analyze whether the information requested is "relevant" and "proportional to the needs of the case." ***Mayhew***

*v. AngMar Medical Holdings, Inc.*, No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2 (D. Kan. Oct. 25, 2019) (citing Fed. R. Civ. P. 26(b)). *See also **Frick v. Henry Industries, Inc.**, 13-2490-JTM-GEB, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016).

Further, the collateral source rule does not bar discovery on this request. "Under the 'collateral source rule,' benefits received by the plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer." ***Martinez v. Milburn Enters., Inc.***, 290 Kan. 572, 575, (2010) (quoting ***Rose v. Via Christi Health System, Inc.***, 279 Kan. 523, 529 (2005)). There are documents requested here, such as the insurance case file or reservation of rights, that are not covered by the collateral source doctrine. Additionally, even if all the documents were covered by the collateral source doctrine, items do not have to be admissible evidence to be discoverable. *See **Helget v. City of Hays, Kans.***, 300 F.R.D. 496, 499 (D. Kan. 2014).

While Defendant may have the burden to establish write downs or adjustments for medical expenses, Plaintiff cannot simply withhold the documents needed to find those write downs. Plaintiff's objection to Request for Production No. 11 is **overruled,** and this portion of Defendants' motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 29) is **GRANTED in part** and **DENIED in part** as set forth herein. Plaintiff shall provide supplemental responses as outlined herein **within 30 days of the date of this Order**.

**IT IS SO ORDERED.**

Dated this 23rd day of June 2022 at Wichita, Kansas.

/s KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge